USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/13/2026_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CFSP 2024-AHP1 25 CUMMING STREET LLC,

Plaintiff,

-against-

25 CUMMINGS REALTY LLC, JOEL WIENER,
NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, and "JOHN DOE" NO. 1
THROUGH "JOHN DOE" NO. 100, the names of
the "John Doe" Defendants being Fictitious and
Unknown to Plaintiff, the Persons and Entities
Intended Being Those Who May Be in Possession
of, or May Have Possessory Liens or Other
Interests in, the Premises Herein Described,

Defendants.

25 Civ. 4078 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, CFSP 2024-AHP1 25 Cumming Street LLC ("CFSP"), through its special servicer, Berkeley Point Capital LLC d/b/a Newmark brings this action to foreclose on a mortgage against Defendants 25 Cummings Realty LLC, Joel Wiener, New York City Environmental Control Board, and several John Doe Defendants. *See* Am. Compl., ECF No. 6. The mortgage concerns a residential apartment building located at 25/35 Cumming Street a/k/a 35/41 Seaman Avenue, New York, New York 10034. CFSP moves for the appointment of a receiver to take immediate possession and control of the assets of Defendant 25 Cummings Realty LLC. *See* Mot., ECF No. 19; Mem., ECF No. 24, at 1–3. Pursuant to an order of reference, the Honorable Sarah L. Cave issued a report (the "R&R") recommending that CFSP's motion be granted. *See* Order of Reference, ECF No. 31; R&R, ECF No. 41; Objs., ECF No. 45; Resp., ECF No. 46. For the reasons below, the Court GRANTS the motion and ADOPTS the R&R in its entirety.

**LEGAL STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which an objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (internal quotations and citation omitted)). However, the Court reviews strictly for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (internal quotations and citation omitted). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

**DISCUSSION**

Judge Cave recommends that the Court grant CFSP's motion to appoint a receiver on the basis of three legal conclusions, which the Court addresses in turn. First, Judge Cave concluded that the

2

Court has federal subject matter jurisdiction on the basis of diversity of citizenship. *See* R&R at 2–5.

Second, Judge Cave concluded that CFSP has standing to bring this action. *Id.* at 6–8. Third, Judge

Cave concluded that CFSP meets the legal standard for the appointment of a receiver. *Id.* at 9–12.

      I.        Subject Matter Jurisdiction

Defendants argue that the Court does not have subject matter jurisdiction in this action

because CFSP should not be considered a Massachusetts citizen. Objs. at 2–7. The Court reviews

this objection *de novo*.

Federal courts have jurisdiction to hear "all civil actions where the matter in controversy

exceeds the sum or value of $75,000, . . . and is between . . . citizens of different states." 28 U.S.C.

§ 1332. It is undisputed that the Defendants are all citizens of New York and the British Virgin

Islands. *See* R&R at 4.[1] CFSP, however, is a limited liability company whose sole member is

Computershare Trust Company, N.A. (the "Trustee"). R&R at 2–3. The Trustee's offices are in

Massachusetts, and in bringing this suit, the Trustee acts on behalf of numerous certificateholders of a

commercial mortgage-backed security trust (the "Trust"), whose domiciles are not established in the

record. *Id.* at 4. Therefore, diversity jurisdiction can exist on the present record only if the Court

finds that the Trust takes the citizenship of its Trustee.

Courts determine the citizenship of a trust by looking to whether the trust should be

considered a "traditional, common-law trust," or an unincorporated business trust "that functions

more like a joint-stock company." *CFSP 2024-AHP1 81-83 Seaman Avenue LLC v. 81 Seaman

Realty LLC, et al.*, No. 25 Civ. 4113, 2025 WL 2606687, at *1 (S.D.N.Y. Sept. 9, 2025) ("*Seaman

Realty*") (internal quotations and citations omitted); *see also Americold Realty Tr. v. Conagra Foods,

Inc.*, 577 U.S. 378, 383 (2016). A traditional trust takes the citizenship of its trustee, and an

---

[1] The citizenship of the John Doe Defendants is not relevant to the Court's determination of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

unincorporated association takes the citizenship of each of its members.  *Americold*, 577 U.S. at 383; *see also Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017).

Judge Cave determined that the Trust took the Trustee's citizenship of Massachusetts.  The R&R concluded that this action presents "identical" issues concerning diversity jurisdiction as those in another mortgage foreclosure action in this district before the Honorable Ronnie Abrams, *Seaman Realty*, 2025 WL 2606687.  In that case, Judge Abrams examined the citizenship of the same trust relevant to this action and found that it was a traditional trust, because, as a commercial mortgage-backed security trust organized under New York law, the Trust "operate[s] much like common-law trusts, in that [it] cannot sue or be sued in [its] own name[], and [is] instead managed by a trustee." *Id.* at *2.  Judge Abrams emphasized that, even though the Trust contained a "directing certificateholder" which exercises some powers "over certain trust affairs," the Trustee "remains the one who can bring suit on behalf of the trust" and "has ultimate power to manage its affairs." *Id.* Judge Abrams also noted that several other judges in this district have treated commercial mortgage-backed security trusts similarly. *See id.*

Defendants contend that the Trust should not be considered a "traditional trust" (and that it should therefore take the citizenship of its members). *See* Objs. at 3–6.  Reviewing this objection *de novo*, the Court is not persuaded.  First, Defendants argue that since the certificateholders are the real "parties in interest" to the Trust, the Trustee should take their citizenship.  Objs. at 3 (arguing that since the action is brought "for the benefit of the [c]ertificateholders," the Trust is a "non-traditional business trust").  But this is not the law, and if it were, any trust, even a common-law trust, would take the citizenship of its members, as a trust is generally created for the benefit of its members rather than the trustee. *See Americold*, 577 U.S. at 383–84 (explaining that, traditionally, trusts create a "fiduciary relationship" between multiple people).

Next, Defendants argue that because certain "Directing Certificateholders" in the Trust have "special approval powers and rights over the Trust," the Trust is not a traditional trust, and that related cases where judges in this district have found similar trusts to be traditional trusts "should not be followed." *See* Objs. at 4–5. Defendants cite a handful of cases for the proposition that, under Massachusetts law, where certain certificateholders "control" a trust, that trust should be considered a partnership and take the citizenship of its beneficiaries. *See* Objs. at 3–5; *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 456 (1980) (Blackmun, J., dissenting); *Frost v. Thompson*, 219 Mass. 360, 365 (1914).

The mere presence of directing certificateholders does not render the Trust a non-traditional business association. Justice Blackmun's dissent in *Navarro* is not binding precedent. The majority in *Navarro* held that a business trust which featured eight "individual trustees . . . hold[ing] title to real estate investments in trust for the benefit of . . . shareholders" should take the citizenship of each of the eight individual trustees, largely because those trustees "possess[ed] certain customary powers to hold, manage, and dispose of assets for the benefit of others," including the power to sue in their own capacity. 446 U.S. at 462–65. In this case, although the directing certificateholders may have certain "approval powers" and "rights," the mere presence of some powers or rights does not constitute true control over a trust's operations, including, importantly, its capacity to sue and be sued. *Cf. Seaman Realty*, 2025 WL 2606687, at *2 ("[N]o matter what rights this certificateholder has, the trustee remains the one who can bring suit on behalf of the trust, and who has ultimate power to manage its affairs."). Defendants provide no indication that the Trustee, in instituting this suit, is acting at the direction of or subject to the control of the directing certificateholders in the Trust.

The Court rejects Defendants' muddled argument that the other cases in this district "wrongly relied on the 'control' and 'party in interest' analysis rejected by the Supreme Court in *Carden*," by pointing to *C.T. Carden v. Arkoma Associates*, 494 U.S. 185 (1990). Objs. at 7; *but see id.* at 3 (arguing that since the "beneficiaries" of the trust have not been identified, and since the action was

5

brought "for the benefit of the [Trust's] Certificateholders," diversity jurisdiction must not be determined based solely on the Trustee's citizenship).  *Carden* examined the citizenship of a limited partnership, 494 U.S. at 186–87, and does not stand for the proposition that, in determining the citizenship of a trust, the Court must analyze whether a beneficiary's "control" over the trust is improper.

The Court finds that the Trustee is a citizen of Massachusetts.  Although certain beneficiaries of the Trust may have special powers or rights under the Trust documents, there is no indication that the beneficiaries "control" the Trust such that the Trustee's power to sue and be sued on behalf of the Trust works differently than that of a common-law trust.  *See Seaman Realty*, 2025 WL 2606687, at *2.  Instead, the Court adopts the reasoning of other judges in similar cases in this district, and holds that, as a commercial mortgage-backed security trust, the Trust functions more like a common-law trust, and, therefore, takes the citizenship of its Trustee:  Massachusetts.

II.    Standing

Defendants argue that CFSP does not have standing to pursue this foreclosure action.  Objs. at 7–9.  The Court reviews this specific objection *de novo*.[2]

"[A] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or the assignee of the underlying note." *OneWest Bank, N.Z. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016); *see also Seaman Realty*, 2025 WL 2606687, at *3; R&R at 6, 8; Objs. at 7.  These two statuses are distinct:  the Second Circuit has acknowledged, in *Courchevel 1850 LLC v. Koznitz I LLC*, that although an invalid transfer may, in

---

[2] Before Judge Cave, Defendants also argued that the Note was not lawfully assigned to CFSP because "none of the loan documents are signed by [the party who first held the Note], and CFSP offers no explanation as to Flagstar's status as [that party's] successor in interest by merger or otherwise," *see* R&R at 6.  But Defendants do not raise that argument in their objections now before the Court, *see* Objs. at 7–9.  The Court reviews that portion of Judge Cave's R&R which examined this argument for clear error, and sees none in Judge Cave's conclusion that there is sufficient record evidence to establish that transfers flow from the successor-in-interest to the Original Lender.  R&R at 7.

some circumstances, raise "a genuine issue as to [a plaintiff's] standing to foreclose as a holder," it might nonetheless raise no issue concerning a plaintiff's standing to foreclose as an assignee. No. 23-7263, 2025 WL 1512953, at *2–3 (2d Cir. May 28, 2025) (summary order) (citing *U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)).

Following Judge Abrams' reasoning in *Seaman Realty*, Judge Cave concluded that CFSP had shown that it was a valid assignee of the Note, by showing that "it had physical possession of the Note and all three Allonges before it filed this action and that there is an unbroken chain of transfer of the Note to CFSP." R&R at 8. Judge Cave correctly concluded that a valid assignment was established and that CFSP had standing. *Id.*; *see Seaman Realty*, 2025 WL 2606687, at *3 ("[E]ven if [the defendant] is correct about the timing of the affixation to the Third Allonge, CFSP has shown standing by way of its status as an assignee.").

Pointing to *175 West 76th Street LLC v. Lichter Real Estate Number One, L.L.C.*, Defendants argue that because the Third Allonge—the document which ultimately assigned the Note to CFSP— was not "firmly affixed" to the Note at the time it was transferred to CFSP, the assignment was invalid when the action was commenced. *See* Obj. at 9 ("Absent valid assignment, possession of the original note is irrelevant and insufficient to establish standing"); 232 N.Y.S.3d 724 (Sup. Ct. N.Y. Cnty. 2025). But Defendants misread *175 West*, which held that an assignment had not been established because of internal defects in the relevant documents. *See* 232 N.Y.S.3d 729–30. And, in any event, even if Defendants were correct in their reading of *175 West*, Second Department authority indicates that "physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation." *Collymore*, 890 N.Y.S.2d at 580; *see also Courchevel*, 2025 WL 1512953, at *2–3; Resp. at 9–10 & n.7. The Court finds, therefore, that CFSP's physical possession of the Note and the Allonges at the time it commenced this suit establishes its standing to sue. *See Seaman Realty*, 2025 WL 2606687, at *3; R&R at 8.

7

III.    Appointment of a Receiver

Defendants' only objection to Judge Cave's third conclusion is to state, in the introduction of their objections, that they "disagree with the need [and] appropriateness of a receiver in this action." Objs. at 1.  This objection is conclusory, and the Court, therefore, reviews Judge Cave's conclusion that a receiver is appropriate for clear error.  Because Judge Cave appropriately analyzed the relevant factors governing the appointment of a receiver, *see* R&R at 9–12; *Seaman Realty*, 2025 WL 2606687, at *3–4, and determined that a receiver was appropriate because four of five relevant factors weighed in favor of appointing a receiver, R&R at 10–12, the Court finds no clear error in her conclusion.

IV.    Proposed Order

The R&R ordered the parties to jointly submit a revised proposed order for the appointment of a receiver by October 31, 2025.  *See* R&R at 12.  The parties did not do so.  Instead, CFSP alone submitted a proposed order for the appointment of a receiver after receiving edits from Defendants, *see* ECF No. 44, and Defendants objected to that proposed order, *see* Resp. at 11–12; Objs. at 9–12.

Defendants argue that the proposed order improperly includes a "sale provision" which would afford CFSP the right to "sell the property prematurely."  Objs. at 11–12.  However, as CFSP notes, the proposed order does not permit CFSP to unilaterally sell the property without further action or court intervention.  Instead, paragraph 21 of the proposed order requires that CFSP (or the receiver) make a "separate application to this Court before a public or private sale is allowed," which would give Defendants "ampl[e] opportunity to challenge the merits of a sale if [CFSP] and/or the receiver seeks one in the future."  *See* Resp. at 14; ECF No. 44 at ¶ 21 ("Upon request by Plaintiff, the Receiver shall, or Plaintiff itself may, file a motion (and seek a hearing on an expedited or emergency basis on such motion) for permission to sell all or any portion of Borrower's assets in accordance with the applicable provisions of 28 U.S.C. §§ 2001 and 2004.").  Nothing prevents Defendants from

reiterating their arguments that a sale during the pendency of this action is improper, if or when CFSP

or the receiver were to file that motion.  Accordingly, the Court will enter the proposed order.

## CONCLUSION

For the reasons stated above, the Court OVERRULES Defendants' objections to the R&R,

ADOPTS the R&R in its entirety, and GRANTS CFSP's motion for appointment of a receiver.  The

Court shall enter an order appointing the receiver in due course.


SO ORDERED.

Dated: February 13, 2026
New York, New York


_____
ANALISA TORRES
United States District Judge

9